UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
ANDREW MACCORMACK,                      )
            Plaintiff,                   )
                                        )       **CIVIL ACTION**
            v.                          )       **No. 24-11140-IT**
                                        )
WELLPATH CORRECT CARE                   )
SOLUTION, LLC, et al.,                  )
            Defendants.                  )
_____)

<u>ORDER</u>
April 30, 2025

On August 16, 2024, the court denied without prejudice Plaintiff Andrew MacCormack's <u>Motion for the Appointment of Counsel</u> [Doc. No. 9] and <u>Motion for the Appointment of Counsel</u> [Doc. No. 11] but extended to September 30, 2024, Plaintiff's time to serve Defendants. Elec. Order [Doc. No. 13]. On December 10, 2024, the court reissued summonses and again extended Plaintiff's time to serve Defendants. Order [Doc. No. 21]. Defendant Wellpath Care Solution LLC ("Wellpath") subsequently filed a <u>Suggestion of Bankruptcy and Notice of Stay</u> [Doc. No. 25], and the action was stayed as to Wellpath and Therese Smith, but not as to Defendant James Hwang. [Doc. No. 26].

According to a Process Receipt [Doc. No. 33], on January 23, 2025, Plaintiff requested service by the United States Marshals Service on Defendant Hwang and provided an address for Defendant Hwang at MCI Concord, in Concord Massachusetts. *Id.* The return, filed on April 3, 2025, states that Defendant Hwang was not located, and that "MCI Concord is closed permanently." In light of the difficulties in serving Defendant Hwang, the court finds that the ends of justice would be served by a limited appointment of *pro bono* counsel and *sua sponte*

reconsiders its August 16, 2024 Order.

Accordingly, the <u>Motion for the Appointment of Counsel</u> [Doc. No. 11] is CONDITIONALLY ALLOWED pursuant to 28 U.S.C. § 1915(e)(1) for the LIMITED PURPOSE of locating and serving Defendant James Hwang.

The court refers the matter to the court's Pro Bono Coordinators to attempt to secure counsel willing to accept this limited appointment without compensation. Plaintiff is advised that he is not guaranteed pro bono counsel. The Pro Bono Coordinators will contact attorneys who have expressed interest in pro bono representation and inform them that the court seeks a pro bono appointment for a limited purpose. If none of these attorneys agree to represent plaintiff, he will be required to continue to represent himself. The Pro Bono Coordinators will continue this search until otherwise directed by the Court.

SO ORDERED.

April 30, 2025                                      /s/ Indira Talwani
                                                   UNITED STATES DISTRICT JUDGE